UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

   *Plaintiff*,

v.                                                     Case No.  SA-23-CR-00404-JKP

(1) DILLON SCOTT DEES,

   *Defendant.*

## O R D E R

Before the Court is Defendant Dillon Scott Dees' Motion to Dismiss the Indictment. *See* ECF No. 49. The U.S. Government filed a response. *See* ECF No. 50. After due consideration of the parties' briefings, the alleged facts, and the applicable law, the Court finds federal jurisdiction is proper in this case and, therefore, **DENIES** the motion. *See* ECF No. 49.

## BACKGROUND

Defendant Dillon Scott Dees is charged with two counts of use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958. *See* ECF No. 14. The charges arise from alleged encounters between Dees and a confidential informant (CI) on June 26 and 27, 2023. The Government alleges Dees initially approached the CI in person to solicit the murder of the victim on June 26, 2023. At that time, the CI was not working as an informant with respect to this case, though he had previously worked with law enforcement who he contacted to report Dees' intent to murder the victim. Later that day, at the direction of law enforcement, the CI called Dees using a cell phone to discuss details of Dees' plan to murder the victim. The Government alleges Dees voluntarily answered that phone call, spoke with the CI, and when the CI asked if Dees was "serious about doing [the murder]," Dees responded "Yeah,

let's talk in person though." The Government further alleges Dees and the CI followed up with text messages to confirm the location of their next meeting, which was where Dees was working. The Government alleges when the CI told Dees he would meet him at that location the following morning, Dees responded, "Sounds good bro." According to the Government, the following day, June 27, 2023, Dees and the CI drove separately in their own cars to the work location. The Government alleges Dees drove to that location planning to meet the CI to discuss murdering the victim, then entered the CI's vehicle wherein they discussed specific details of the murder, to include the means, location, and payment.

Dees brings the instant motion arguing the Government artificially manufactured federal jurisdiction in this case by having the CI call and text Dees to set up the meeting and having the CI suggest the men meet at Dees' place of work—thus, establishing federal jurisdiction through use of a telephone and motor vehicle, which are facilities of interstate commerce. *See* ECF No. 14. The Government responds that "manufactured jurisdiction" is not a recognized defense theory in the Fifth Circuit, but even if it were, law enforcement in this case did not manipulate events to manufacture federal jurisdiction. Specifically, the Government says the CI's use of a telephone to contact Dees was a natural follow-up to their initial in-person conversation and Dees' use of his car to travel to the meeting place was inevitable regardless of where the men met. For the reasons discussed herein, the Court agrees with the Government's characterization of the case and, therefore, finds jurisdiction is properly alleged and denies Dees' motion to dismiss the indictment.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7 sets forth the requirements for a federal criminal indictment. An indictment "must be a plain, concise, and definite written statement of the

essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Before trial, a criminal

defendant may file a motion asserting that an indictment is defective because of, *inter alia*, "lack

of specificity" or "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii) and (v). "An

indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs

a defendant of the charge against which he must defend, and, second, enables him to plead an

acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United*

*States*, 418 U.S. 87, 117 (1974).

Though the indictment must at least state the facts and circumstances of the alleged

offense such that the accused will be informed of the alleged offense, the indictment does not

have to "articulate the evidence that will be used to prove the allegations." *United States v. Pratt*,

728 F.3d 463, 478 (5th Cir. 2013). "The Constitution requires only enough specificity to allow

the defendant to defend against the allegations." *Id*. In reviewing the sufficiency of the

indictment, the Court must take the facts alleged in the indictment as true and determine whether

the facts state an offense. *See United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004). A review

of the sufficiency of an indictment "is governed by practical, not technical considerations."

*United States v. Rainey*, 757 F.3d 234, 247 (5th Cir. 2014).

## DISCUSSION

The statute under which Dees is charged, 18 U.S.C. § 1958, provides that:

(a) Whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than twenty years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

(b) As used in this section and section 1959--
(1) "anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage;
(2) "facility of interstate or foreign commerce" includes means of transportation and communication; and
(3) "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

18 U.S.C.§ 1958.

The Fifth Circuit has held that to satisfy the jurisdictional element of § 1958, the Government must prove the use of a facility of interstate commerce, regardless of whether the use itself was interstate or wholly intrastate. *United States v. Marek*, 238 F.3d 310, 313 (5th Cir. 2001) (en banc), *cert. denied*, 534 U.S. 813 (2001). Federal jurisdiction is met where the use of the facility merely "makes easier or facilitates the unlawful activity" and need not be "essential to the scheme." *United States v. Garrett*, 716 F.2d 257, 265 (5th Cir. 1983), citing *United States v. Perrin*, 580 F.2d 730 (5th Cir. 1978).

The parties do not dispute that the telephone and motor vehicle used in this case are facilities of interstate commerce giving rise to federal jurisdiction under § 1958. The question before the Court is whether, based on the facts alleged, Government officials improperly caused Dees to use those facilities of interstate commerce (telephone and motor vehicle) for the purpose of establishing federal jurisdiction. As an initial matter, the Fifth Circuit has not explicitly recognized the theory of "manufactured federal jurisdiction." *United States v. Clark*, 62 F.3d, 110, 113, n.7 (5th Cir. 1995). To the extent it has examined the theory, the Fifth Circuit has held manufactured jurisdiction cannot be found where the interstate element is "not furnished solely by undercover agents" for the purpose of creating jurisdiction. *United States v. Pecora*, 693 F.2d 421, 424 (5th Cir. 1982). This view is consistent with circuits that recognize the theory, which find the presence of a legitimate law enforcement purpose in using the facility of interstate

commerce makes federal jurisdiction is appropriate. *See e.g., United States v. Knox*, 68 F.3d 990, 998 (7th Cir. 1995). Moreover, under *Clark*, there is no manufactured jurisdiction if "the defendant voluntarily and of his own free will did the act that caused the interstate element to exist" even if a government agent "took steps to ensure the existence of the interstate element of the offense" and "satisfaction of the interstate element was the sole reason for the taking of those steps." 62 F.3d at 114.

In this case, the Government has alleged sufficient facts to show Dees' alleged use of interstate commerce facilities to solicit a murder for hire was voluntary. The Government alleges Dees used his telephone to communicate with the CI several times on June 26, 2023, through a call and text messages. In both instances, Dees allegedly confirmed his intent to carry through with the plan to murder the victim and provided the CI with a location for their meeting on June 27, 2023. The Government further alleges Dees drove to the meeting location in his car on June 27, 2023, and entered the CI's car to discuss the specific details of the murder plot and the payment to be made to the CI and the hitman. All of these actions, if true, evidence Dees' intent to commit a murder for hire, with use of facilities of interstate commerce (telephone and motor vehicle) to effectuate it. The Court, therefore, finds the Government has alleged sufficient facts to meet the standard set forth under Fed. R. Crim. P. 7 and, accordingly, denies Dees' motion to dismiss the indictment.

## CONCLUSION

For the reasons discussed, the Court finds federal jurisdiction is proper in this case and, therefore, **DENIES** the Dees' Motion to Dismiss the Indictment. *See* ECF No. 49.

It is so ORDERED.
SIGNED this 26th day of August, 2024.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE